## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCHMID PIPELINE CONSTRUCTION, INC., | ) | Chapter 11 |
| Plaintiff, | ) | Case No. 18-12378 (KG) |
| v. | ) | |
| COLUMBIA GAS TRANSMISSION, LLC, and | ) | Adv. Pro. No. 19-50886 (KG) |
| WELDED CONSTRUTION, L.P., | ) | D.I. 1 |
| Defendants. | ) | |

## MEMORANDUM ORDER

KEVIN GROSS, U.S.B.J.

The Court is addressing a motion filed by Schmid Pipeline Construction, Inc. ("Schmid") to reconsider an Order ("the Order") entered by the United States District Court for the Northern District of West Virginia (the "District Court"). *Motion to Reconsider Order Granting Columbia Gas Transmission, LLC's Motion for Partial Dismissal* (the "Motion to Reconsider"). In pertinent part, the Order granted defendant Columbia Gas Transmission, LLC's ("Columbia Gas") Motion for Partial Dismissal of Counts II (unjust enrichment) and III (quantum meruit) of Schmid's Amended Complaint (the "Amended Complaint").[*] *Order Denying Schmid Pipeline Construction, Inc.'s Motion to Remand and Abstain [Doc. 10], and Granting Columbia Gas Transmission's Motion for Partial Dismissal [Doc. 17], and Columbia Gas Transmission's Motion to Transfer Venue [Doc. 20]* (the "Order"), Case No. 5:19-CV-00257-JPB (N.D. W. Va. Oct. 21, 2019). The Court, having reviewed the Order, facts, and case law, denies the Motion to Reconsider. The Court's analysis follows.

---

[*] In the Order, the District Court also denied Schmid's motion to remand and abstain, and granted Columbia Gas's motion to transfer venue, which brought the case to Delaware.

**Facts**

1.   On or about August 6, 2018, Schmid entered into a certain Construction Subcontract (the "Subcontract") with Welded Construction, L.P. ("Welded"). Order at ¶ 1. The Subcontract pertained to Columbia Gas's Mountaineer Express Pipeline Project (the "Project"). Order at ¶ 1.

2.   Schmid performed work on the Project from August 10, 2018 until October 19, 2018. Order at ¶ 2.

3.   On October 22, 2018, Welded and its affiliated debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Code") in this Court. *Chapter 11 Voluntary Petition* (D.I. 1.)

4.   On January 14, 2019, Schmid executed a Mechanic's Lien (the "Lien") on Columbia Gas's interest in the Project, in the amount of $2,361,914.00. Order at ¶ 4.

5.   On January 18, 2019, Schmid recorded a Notice of the Lien at the appropriate state office in Wetzel County, West Virginia. Order at ¶ 4.

6.   On April 10, 2019, Schmid filed a motion with this Court for relief from the automatic stay—pursuant to § 362(d)(1) of the Code—to commence an action to enforce and/or foreclose its rights and remedies on the Lien. *Motion of Schmid Pipeline Construction, Inc. for Relief from the Automatic Stay* (D.I. 629 at ¶¶ 10–11.)

7.   On April 26, 2019, the Court issued an Order granting Schmid relief from the stay. *Order Granting Motion for Schmid Pipeline Construction, Inc. for Relief from the Automatic Stay* (the "Stay Relief Order") (D.I. 671.) The Stay Relief Order granted Schmid relief from the automatic stay and thereby name Welded as a nominal defendant and pursue any necessary mechanic's lien action with respect to the Project.

(D.I. 671 at ¶ 2.)

8. On May 8, 2019, Schmid filed its Complaint against Columbia Gas in the Circuit Court of Wetzel County, West Virginia. Schmid's Complaint included three claims: Count I, which requested enforcement of the Lien; Count II, which asserted unjust enrichment; and Count III, which requested compensation under quantum meruit. Order at ¶ 8. Schmid named Welded as a nominal defendant, but no relief was sought against Welded. Order at ¶ 9. Thereafter, Schmid filed an amended complaint.

9. On August 7, 2019, Columbia Gas filed a Notice of Removal with the United States Bankruptcy Court for the Northern District of West Virginia (the "W.Va. Bankruptcy Court"), asserting the court had jurisdiction to decide Schmid's claims pursuant to 28 U.S.C. § 1334(b) because of Welded's chapter 11 cases before this Court. Order at ¶ 10.

10. On September 4, 2019, the District Court ordered the withdrawal of its reference of Schmid's case to the W.Va. Bankruptcy Court. Order at ¶ 11. The District Court assumed jurisdiction. Order at ¶ 11.

11. On October 21, 2019, the District Court issued the Order, which, *inter alia*, granted Columbia Gas's Motion for Partial Dismissal of Counts II (unjust enrichment) and III (quantum meruit) of Schmid's Complaint. Order at pp. 6–7.

12. Also on October 21, 2019, the District Court transferred the case to the United States District Court for the District of Delaware (the "Delaware District Court").

13. On November 4, 2019, Schmid filed the Motion to Reconsider the Order in the Delaware District Court.

14. On November 20, 2019, the Delaware District Court transferred the case to this Court.

## The Motion to Reconsider

Schmid contends that the Court should grant its Motion to Reconsider because the District Court committed a clear error of law when it dismissed Counts II (unjust enrichment) and III (quantum meruit). Specifically, Schmid argues that it is entitled to plead claims for unjust enrichment and quantum meruit in the alternative despite alleging that the Subcontract existed.

## Legal Standard

Schmid brings the Motion to Reconsider under (i) the District Court's Local Rule 7.1.5, which is applicable in the Bankruptcy Court pursuant to our Local Rule 1001-1(f) (2019); and (ii) Federal Rule of Civil Procedure 59(e), which is applicable through Federal Rule of Bankruptcy Procedure 9023. "A motion for reconsideration under [the District Court's] Local Rule 7.1.5 which is timely filed and challenges the correctness of a previously entered order is considered the 'functional equivalent' of a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e)." *In re DaimlerChrysler AG Securities Lit.*, 200 F. Supp. 2d 439, 442 (D. Del. 2002). The purpose of a motion to reconsider is "to correct manifest errors of law or fact or to present newly discovered evidence." *Johnson v. Diamond State Port Corp.*, 50 Fed. Appx. 554, 559 (3d. Cir 2002); *Honeywell Intern. Inc. v. Universal Avionics Systems Corp.*, 585 F. Supp. 2d 623, 634 (D. Del. 2008). The Court may grant such a motion "if the party seeking reconsideration shows . . . the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Notably, a court should grant motions for reconsideration "sparingly." *See* D. Del. R. 7.1.5(a); *see also Intellectual Ventures I LLC v. Check Point Software Technologies Ltd.*, 215 F. Supp. 3d 314, 321 (D. Del. 2014).

**Analysis**

Schmid argues the District Court erred in dismissing its claims for alternative relief. Schmid claims that it is entitled to plead claims in the alternative at the motion to dismiss stage because (1) alternative pleading is permissible and (2) this is especially true when there is disagreement over the parties' respective contractual liabilities.

Columbia Gas, in turn, argues that under West Virginia law unjust enrichment and quantum meruit are not available claims if an express contract exists which specifies the parties' obligations. In its Amended Complaint, Schmid claims that it performed its work pursuant to the Subcontract and attached a copy of the Subcontract. Amended Complaint, ¶ 6. Columbia Gas answered that it "believes that Schmid entered into a contract with Welded" but could not state that the Subcontract attached to the Amended Complaint was a true and correct copy. Answer, ¶ 6.

Columbia Gas concedes, in the Court's view, that a subcontract existed without agreeing that the Subcontract was in the form attached to the Amended Complaint. Because a subcontract existed and Counts II and III of the Amended Complaint incorporate the allegation of the Subcontract, the alternative claims for relief are not independently supported by the Amended Complaint's factual allegations. The alternative claims therefore fail as a matter of law since they allege by incorporation that Schmid performed its work pursuant to an express contract.

This precise issue was presented and decided in *Ohio Valley Health Services & Educ. Corp. v. Riley*, 149 F.Supp.3d 709 (N.D. W.Va. 2015). In *Ohio Valley*, plaintiff brought suit alleging a breach of contract and, in the alternative, a claim of unjust enrichment. The court rejected the unjust enrichment claim, holding that "quasi-contract claims, like unjust enrichment or quantum meruit, are unavailable when an express agreement exists because such claims only exist in the absence of agreement." *Id.* At 721. The court derived its holding from a decision of the Supreme

Court of Appeals of West Virginia, the state's highest court, in *Case v. Shepherd*, 84 S.E. 2d 140, 144, in which the court held once again that "[a]n express contract and an implied contract, relating to the same subject matter, cannot co-exist."

Plaintiffs may bring claims for alternative relief only when independently supported by the facts. *Marina One, Inc. v. Jones*, 22 F.Supp. 3d 604,609 (E.D. Va. 2014. *See also Tolliver v. Christina Sch. Dist.*, 564 F. Supp. 2d 312, 316 (D.Del. 2008) (express contract causes unjust enrichment claim to fail). Schmid "repeats and realleges" in Counts II and III all preceding allegations in the Amended Complaint. Amended Complaint, ¶¶ 25, 32. One such allegation is the existence of the Subcontract. Amended Complaint, ¶¶ 6–8, 12. As such, unjust enrichment and quantum meruit are not independently supported by the facts.

### Conclusion

For the foregoing reasons, the Court finds that the District Court did not commit clear error in granting Columbia Gas's Motion for Partial Dismissal and that Schmid's Motion to Reconsider is therefore DENIED.

SO ORDERED.

Dated: December 20, 2019
Wilmington, Delaware

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE